UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA LOVE,

    Plaintiff,

    v.                               CAUSE NO.: 3:18-CV-735-PPS-MGG

OFFICER ALBRIGHT,

    Defendants.

## OPINION AND ORDER

Joshua Love, a prisoner without a lawyer, alleges Officer Albright used excessive force against him on May 19, 2018. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Love alleges he "was being escorted in a set of hand-cuffs . . . by Officer Albright [who] out of nowhere picked the plaintiff up off the ground from behind and slammed the plaintiff to the ground . . . head first . . . ." ECF 1 at 2-3. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper* , 589 F.3d 887, 890 (7th Cir. 2009) (internal citation

omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers* , 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, Love has plausibly alleged Officer Albright inflicted cruel and unusual punishment on him in violation of the Eighth Amendment by acting maliciously and sadistically, in bad faith for no legitimate purpose.

Love also names the Indiana Department of Correction and the Indiana State Prison as defendants. However, both have immunity pursuant to the Eleventh Amendment. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. Congress did not abrogate the States' immunity through the enactment of Section 1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Indiana has not consented to this lawsuit. And Love is seeking monetary damages directly from these State agencies. Therefore these two defendants will be dismissed.

For these reasons, the court:

(1) GRANTS Joshua Love leave to proceed against Officer Albright in his individual capacity for compensatory damages for using excessive force against him on May 19, 2018, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the Indiana Department of Correction and the Indiana State Prison;

(4) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process at the Indiana Department of Correction on Officer Albright with a copy of this order and the Complaint (ECF 1); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Albright to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 8, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT