UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA LOVE,

    Plaintiff,

    v.

OFFICER ALBRIGHT,

    Defendant.

CAUSE NO.: 3:18-CV-735-PPS-MGG

## OPINION AND ORDER

Joshua Love is a prisoner who is proceeding in this case without a lawyer "against Officer Albright in his individual capacity for compensatory damages for using excessive force against him on May 19, 2018, in violation of the Eighth Amendment. . .." ECF 4 at 3. Officer Albright seeks summary judgment on the grounds that Love did not exhaust his administrative remedies prior to filing this lawsuit. ECF 25.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative

rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

In his response to the summary judgment motion, Love does not dispute either the existence or terms of the grievance policy which is attached to the motion. *See*

Offender Grievance Process, ECF 25-2. Neither does he contest Officer Albright's assertion that he did not complete the grievance process described by that policy. Rather, he argues the grievance process was made unavailable to him. ECF 44 at 5.

Officer Albright argues Love did not complete the grievance process because Love did not appeal the denial of Grievance 102798. ECF 30 at 3-4. Love responds that grievance is not relevant because this case is about an excessive use of force and that grievance "was only pertaining to medical." ECF 44 at 9. He argues the defendant's references to Grievance 102798 are intended to "misguide and mislead the courts . . .." ECF 44 at 10. Both parties present various arguments about how Grievance 102798 was processed, but because both agree that Love did not exhaust his administrative remedies with Grievance 102798, I need not give it any further consideration.

Love states he attempted on June 4, 2018, to exhaust his administrative remedies by presenting a grievance about the excessive force claim raised in this case. ECF 44 at 3. He attached a copy of that grievance. ECF 44-2 at 26. In that grievance, Love wrote in pertinent part, "Officer Albright grabbed me from behind and picked me up and slammed me to the ground. I landed on the right side of my face and my right shoulder. This action by Officer Albright resulted in bodily injury . . .." ECF 44-2 at 26. Love states this grievance was rejected and returned. ECF 44 at 3. He attached a copy of the Return of Grievance form. ECF 44-2 at 28. In the reply brief, Officer Albright does not dispute the authenticity of either of these documents. *See* ECF 47.

The Return of Grievance form explains the grievance was rejected because "The relief you are seeking does not comply with policy 00-02-301. Turn in HCRFs for

continued medical treatment. Grievance sent to I.I. for investigation." ECF 44-2 at 28. Love argues this was not a valid reason for rejecting his grievance. ECF 44 at 5. In the reply brief, Officer Albright provides no explanation for why that was a valid reason for rejecting the grievance. After reviewing the grievance policy (ECF 25-2) which is numbered 00-02-301, I have been unable to find where it authorizes rejecting a grievance either because a Health Care Request Form (HCRF) was not turned in or because an HCRF was not submitted with the grievance. The policy says:

> The Offender Grievance Specialist may reject the grievance form and return it to the offender unfiled if any of the standards listed in subsection A are not met. In addition, the form may be returned to the offender if it was not submitted within the ten (10) business day time limit or is grieving a matter inappropriate to the offender grievance process (Section IV, B).

ECF 25-2 at 10. Subsection A says:

> Each completed State Form 45471, "Offender Grievance," must meet the following standards:
>
> 1. Each part of the form shall be completed;
> 2. It shall be written legibly;
> 3. It shall avoid the use of legal terminology;
> 4. It shall raise the same issue that the offender raised in trying to get the informal resolution and document the attempts at informal resolution;
> 5. It shall relate to only one event or issue;
> 6. It shall be signed, dated, and submitted by an offender on his or her own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical, language, or other problem;
> 7. It shall explain how the situation or incident affects the offender; and,
> 8. The offender shall suggest appropriate relief or remedy.

*Id.* at 9. Nothing in policy 00-02-301 justifies rejecting Love's June 4, 2018, grievance based on the absence of a Health Care Request Form. Therefore, the undisputed evidence shows that grievance was improperly rejected.

Inmates are only required to exhaust administrative remedies that are "available" to them. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper. It's more pragmatic than that. The question is whether the process was in fact available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. That is exactly what happened here. Love filed a grievance, but it was improperly rejected. He thus cannot be said to have failed to exhaust his administrative remedies.

For these reasons, the motion for summary judgment (ECF 25) is DENIED.

SO ORDERED on February 10, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT