UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA LOVE,

      Plaintiff,

      v.                                CAUSE NO.: 3:18-CV-735-PPS-MGG

M. ALBRIGHT and J. THOMAS,

      Defendants.

OPINION AND ORDER

Joshua Love, a prisoner without a lawyer, filed an amended complaint naming three defendants. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Love alleges Officer J. Thomas asked him on May 19, 2018, "You want some bullshit?" ECF 61 at 4. Then Officer Thomas called Officer M. Albright on the radio and summoned him to the shower where she had ordered Love to face the back wall. ECF 61 at 4. Officer Thomas told Love to back out of the shower where after a few steps he "was ambushed by Ofc. Albright [who] grabbed the plaintiff from behind, picked this plaintiff up off his feet, and slammed the plaintiff (face first),

into the concrete floor......" ECF 61 at 5. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, Love has plausibly alleged Officers Thomas and Albright inflicted cruel and unusual punishment on him in violation of the Eighth Amendment by acting maliciously and sadistically, in bad faith, and for no legitimate purpose.

Love alleges Sgt. Jackson and Officer Thomas also failed to "enforce, implement, and/or establish policies, procedures, directives, orders, and/or practices to ensure that prisoners are not being assaulted by correctional staff." ECF 61 at 5. It is unclear whether a Sergeant and a Correctional Officer have the authority to make such policies. However, it is clear that "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Neither defendant is a municipality in either his individual or official capacities. To the extent Love is alleging these defendants did not properly supervise Officer Albright, there is no general respondeat superior liability under 42 U.S.C. § 1983, and they cannot be held liable simply because they employed or supervised Officer Albright. *See Burks v. Raemisch*, 555

2

F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Love is already proceeding against Officer Thomas for her role in the alleged excessive use of force. Sgt. Jackson had no role in those events. Therefore, these separate claims must be dismissed.

Finally, Love alleges he was subjected to an atypical and significant hardship by Sgt. Jackson and Officer Thomas when they left him in his cell for two days without a lightbulb. He does not allege facts from which it can be reasonably inferred that either defendant turned off his lights or removed his lightbulb. Neither has he plausibly alleged that either defendant was deliberately indifferent because they waited until the second day to get him a replacement lightbulb. Nor has he plausibly alleged that his cell was totally and continuously dark for two days. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotation marks and brackets omitted) (citing *Twombly*, 550 U.S. at 556). Moreover, a prisoner may constitutionally be subjected to an atypical and significant hardship; though doing so may require due process depending on the duration and severity of the hardship. *Lisle*

3

*v. Welborn*, 933 F.3d 705, 721 (7th Cir. 2019). Here, the complaint does not allege conditions which would have required due process.

For these reasons, the court:

(1) GRANTS Joshua Love leave to proceed against Officer J. Thomas and Officer M. Albright in their individual capacities for compensatory and punitive damages for using excessive force against him on May 19, 2018, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sgt. Jackson;

(4) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process at the Indiana Department of Correction on Officer J. Thomas and Officer M. Albright with a copy of this order and the Complaint (ECF 1); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer J. Thomas and Officer M. Albright to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 15, 2020.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT

4