UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA LOVE,

    Plaintiff,

    v.      CAUSE NO.: 3:18-CV-735-PPS-MGG

M. ALBRIGHT and J. THOMAS,

    Defendants.

OPINION AND ORDER

Joshua Love, a prisoner without a lawyer, filed a motion asking to file a second amended complaint. ECF 92. "Although leave to amend should be freely given, that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (citing Fed. R. Civ. P. 15(a)). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citing *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Here, there has been undue delay, bad faith, and the proposed amendment would be futile.

Love began this case by filing a complaint on September 9, 2018, which named three defendants: Officer Albright, the Indiana Department of Correction, and the Indiana State Prison. ECF 1. When I screened the complaint, I dismissed the Department and the Prison, but granted leave to proceed against Officer Albright on an Eighth Amendment claim of excessive force based on an event which was alleged to have happened on May 19, 2018. ECF 4. On March 19, 2020, a year and a half after he

filed his original complaint, he filed an amended complaint which named three defendants: Officers Albright, Thomas, and Jackson. ECF 61. When I screened the first amended complaint, I dismissed Officer Jackson, but granted leave to proceed against Officers Albright and Thomas on an Eighth Amendment claim based on the same May 19, 2018, event. ECF 63.

The proposed second amended complaint was signed on October 29, 2020, more than two years after his original complaint. ECF 92-1 at 11. In it, Love is seeking to add six defendants not previously named in either of his two prior complaints. He alleges these claims arose from events which occurred between May 19, 2018, and June 27, 2018. However, it would be futile to add these claims because they are untimely. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. The claims against these six defendants were not raised until after the statute of limitations expired.

Love also seeks to add a denial of medical treatment claim against the three defendants named in the first amended complaint: Officers Albright, Thomas, and Jackson. In the proposed amended complaint, he alleges they prevented him from obtaining medical treatment. This claim is in bad faith because in his original complaint he declared under penalty of perjury that he "did seek medical [attention] and received

2

medical treatment for his injuries." ECF 1 at 2. However, without regard to that sworn, inconsistent, prior statement, the proposed amended complaint does not state a claim against these three for a denial of medical treatment because it also says he was "escorted to the urgent care unit by Albright, Thomas, and Jackson" where he was seen by a Nurse Practitioner on the same day. ECF 92-1 at 4. In medical cases, the Constitution is violated only when a defendant is deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Taking Love to the urgent care unit was not deliberately indifferent.

Finally, the second amended complaint claims these three defendants should not have told the Nurse Practitioner he "was in some kind of altercation with custody." ECF 92-1 at 4. However, Love says he had demanded a new light bulb and refused to leave the shower until he got one. ECF 92-1 at 4. An altercation is defined as "a noisy, heated, angry dispute." Merriam-Webster, www.merriam-webster.com/dictionary/altercation. Thus, by his own description of events, he had "some kind of altercation" with Officer Thomas moments before he alleges the officers used excessive use of force against him. Even using the more informal definition of "physical conflict," the statement was not inaccurate nor deliberately indifferent in that he alleges he had a physical conflict with the guards which he believes was an excessive use of force. Though the statement was not a complete description of events as Love alleges they happened, it did not prevent him from being seen by medical staff who were then responsible to provide treatment for his injuries. Therefore, it would be futile to allow him to file the proposed amended complaint because all of the new allegations would be dismissed and he would

continue to proceed solely on the excessive force claims against Officers Albright and Thomas.

For these reasons, the motion to amend (ECF 92) is DENIED.

SO ORDERED on November 3, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
